**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Orlando MURCIA–PERLAZA,
Defendant–Appellant.**

No. 04–13075.
Non–Argument Calendar
D.C. Docket No. 04–20074–CR–DLG.

United States Court of Appeals,
Eleventh Circuit.

June 14, 2005.

John Wylie, Kathleen M. Williams, Miami, FL, for Defendant–Appellant.

Harriett R. Galvin, Anne R. Schultz, Laura Thomas Rivero, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM.

Orlando Murcia–Perlaza appeals his 87–month sentence for importation of heroin, in violation of 21 U.S.C. § 952(a). On appeal, Murcia–Perlaza argues first that, because his role in the offense only was to serve as a drug courier, and he identified other, more culpable participants in the drug importation scheme, the district court should have adjusted his base offense level downward two levels, pursuant to U.S.S.G. § 3B1.2. Murcia–Perlaza asserts that, because he had no role in planning the criminal scheme or distributing the drugs, he was less culpable than the others, who acted as "partners," while he merely served as a "cog in the machine." He argues that the district court ignored the fact that he was a courier, while others were involved in recruiting, instructing, supervising, and guiding couriers. He contends that, instead of focusing on the totality of the circumstances, the district court overemphasized the amount of drugs transported.

The district court's determination of a defendant's role in the offense is a finding of fact reviewed only for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir.1999) (*en banc*). A mitigating-role reduction under § 3B1.2 is appropriate only in circumstances where the defendant plays a part in committing the

**290**

offense that makes him substantially less culpable than the average participant. U.S.S.G. § 3B1.2, comment. (n. 3(A)). It is the defendant's burden to show by a preponderance of the evidence that he played only a minor role in the offense. *De Varon,* 175 F.3d at 934. In determining a defendant's role in the offense, the district court first must "measure the defendant's role against the relevant conduct for which she was held accountable at sentencing." U.S.S.G. § 3B1.2(b); *De Varon,* 175 F.3d at 934. Second, "the district court may also measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant." *De Varon,* 175 F.3d at 934.

The district court's finding that Murcia–Perlaza had a key duty in the crime, and his participation was more than minor, is supported by the record and the court did not clearly err by declining to apply a minor-role reduction.

Murcia–Perlaza next argues that, even though the federal Sentencing Guidelines were not before the Supreme Court in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the majority of the Court implicitly acknowledged that its holding would preclude federal district courts from sentencing defendants based upon uncharged relevant conduct, and from applying many sentencing adjustments.

■ We recently held that *Blakely* does not impact application of the federal Sentencing Guidelines. *United States v. Reese,* 382 F.3d 1308, 1312 (11th Cir.2004). Accordingly, no error of any kind occurred, and we affirm Murcia–Perlaza's sentence.

**AFFIRMED.**